WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Vasquez Reyes,<br><br>    Plaintiff,<br><br>   vs.<br><br>Carolyn W. Colvin,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | No. 15-CV-0475-TUC-LCK<br><br>**ORDER** |

Plaintiff Francisco Reyes filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner). (Doc. 1.) Before the Court are Reyes's Opening Brief, Defendant's Brief, and Reyes's Reply. (Docs. 14, 16, 17.) The parties have consented to Magistrate Judge jurisdiction. (Doc. 11.) Based on the pleadings and the administrative record submitted to the Court, the Commissioner's decision is reversed and remanded for further proceedings.

**PROCEDURAL HISTORY**

Reyes originally filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB), which were denied August 29, 2012. (Administrative Record (AR) 244.) He filed again on November 29, 2012. (AR 220, 222, 244.) He alleged disability from March 2, 2009. (AR 220.) Reyes's second applications for SSI and DIB were denied upon initial review (AR 73-107) and on reconsideration

(AR 109-44). A hearing was held on January 15, 2014 (AR 41-72), after which the ALJ found that Reyes was not disabled. (AR 22-34.) The Appeals Council considered additional records but denied Reyes's request to review the ALJ's decision. (AR 1-6)

## FACTUAL HISTORY

Reyes was born on January 3, 1977, making him 32 years of age at the onset date of his alleged disability. (AR 220.) He has a high school diploma and did some college courses at Piedmont College. (AR 44.) His last employment lasted a few years as a driver and delivery man for Table Talk, but he had difficulties there and he was let go. (AR 45, 47-48, 51.)

The ALJ found Reyes had the following severe impairments: adjustment disorder, borderline intellectual functioning, history of a learning disability, and anxiety disorder. (AR 24.) The ALJ concluded Reyes had the Residual Functional Capacity (RFC) to perform:

> A full range of work at all exertional levels but with the following nonexertional limitations: the claimant is able to meet the basic mental and emotional demands of competitive, remunerative, unskilled work including the abilities on a sustained basis to understand, carry out, and remember simple instructions; make simple work-related decisions; respond appropriately to supervision, co-workers, and work situations; deal with routine changes in a work setting; and would do best in work settings requiring minimal social interaction. Additionally, his understanding and memory abilities are moderately limited; his verbal intelligence is limited but he can understand basic instructions; he can register work-like locations and procedures; his memory data makes it clear he is intact for registering organized verbal information and for registering visual spatial information that he has to process graphically; he is low average to borderline for learning unintegrated verbal information even when it is repeated and for learning the spatial features of visual detail; his sustained concentration and persistence abilities are not significantly limited; he can carry out simple instructions; he can make simple work-related decisions; he can manage a routine without supervisions; he can stay focused for an extended period of time unless he has to manage an environment where he has to move his focus around efficiently; he can maintain a pace without difficulty; and he can work around others without any difficulty. Further, the claimant has a weakness in working memory and attention problems and will require accommodations, including extended time for test taking and test taking in a room free from distractions; he may take additional time to learn required tasks; he has difficulty remembering verbal instructions when more than one or two tasks are required at a time; and he may benefit from a visual demonstration of the sequence of tasks along with a written list of required tasks whenever possible.

(AR 28.) The ALJ concluded Reyes could not perform his past relevant work but could perform other work, such as janitor/cleaner. (AR 32-33.)

## STANDARD OF REVIEW

The Commissioner employs a five-step sequential process to evaluate SSI and DIB claims. 20 C.F.R. §§ 404.1520; 416.920; *see also Heckler v. Campbell*, 461 U.S. 458, 460-462 (1983). To establish disability the claimant bears the burden of showing he (1) is not working; (2) has a severe physical or mental impairment; (3) the impairment meets or equals the requirements of a listed impairment; and (4) claimant's RFC precludes him from performing his past work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At Step Five, the burden shifts to the Commissioner to show that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, she does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). The findings of the Commissioner are meant to be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)). The court may overturn the decision to deny benefits only "when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). This is so because the ALJ "and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019 (quoting *Richardson v. Perales*, 402 U.S. 389, 400 (1971)); *Batson v. Comm'r of Soc.*

*Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). The Commissioner's decision, however, "cannot be affirmed simply by isolating a specific quantum of supporting evidence." *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998) (citing *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)). Reviewing courts must consider the evidence that supports as well as detracts from the Commissioner's conclusion. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

## DISCUSSION

Reyes argues three issues to the Court: (1) the ALJ erred in relying upon the vocational expert's testimony because she did not fully understand the ALJ's hypothetical; (2) the ALJ failed to conclude that Reyes had a respiratory impairment; and (3) the ALJ de facto reopened Reyes's May 2012 Applications.

**Vocational Expert's Testimony**

Reyes argues that there is not substantial evidence to support the ALJ's conclusion at Step Five that Reyes can perform the job of janitor cleaner because the vocational expert did not understand one of Reyes's limitations. During the hearing, the ALJ asked the vocational expert a hypothetical that detailed numerous non-exertional limitations including a person that is "low average to borderline for learning unintegrated verbal information even when it is repeated." (AR 64-65.) The ALJ testified that a person with those limitations could do the job of janitor/cleaner. (AR 65.) Reyes's attorney subsequently asked, "what is the significance of the impairment in learning unintegrated verbal information? Do you know what integrated verbal information is?" (AR 70.) The vocational expert responded, "I couldn't explain it to you and no." (*Id.*) The ALJ included in Reyes's RFC that he was low average to borderline for learning unintegrated verbal information. (AR 28.)

The only evidence upon which the ALJ relied to support his finding at Step Five, that Reyes could perform the job of janitor/cleaner, was the vocational expert's testimony. (AR 33.) Because the vocational expert did not understand one of Reyes's limitations, the ALJ could not reasonably rely upon her conclusion that a person with

such a limitation could perform that job. Therefore, there is not substantial evidence to support the ALJ's finding at Step Five. *See Molina v. Astrue*, 674 F.2d 1104, 1110 (9th Cir. 2012) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Valentine v. Comm'r Soc. Sec. Admin.,* 574 F.3d 685, 690 (9th Cir. 2009)). The Commissioner had the burden at Step Five to demonstrate that Reyes could perform other work that existed in substantial numbers. She failed to carry that burden. The error is not harmless, as argued by Defendant, because there is insufficient evidence in the record to find that Reyes can perform other work available in the economy.

**Respiratory Ailment at Step Two**

Reyes argues the ALJ erred by not finding that he had a severe physical impairment at Step Two, that is a respiratory impairment (asthma). At Step Two the ALJ found Reyes had no severe physical impairments, the ALJ gave great weight to examining physician Dr. Jeri Hassman and the Agency consulting physicians all of whom concluded Reyes had no severe physical impairments. (AR 25.)

Dr. Jeri Hassman examined Reyes on January 8, 2013, during which Reyes reported seasonal bronchitis but no symptoms at that time. (AR 360.) Dr. Hassman's respiratory exam was normal. (AR 361, 362.) Dr. Hassman opined that Reyes did not have any physical conditions that would cause limitations for 12 continuous months. (AR 363.) Based on a review of the records, Drs. Marily Orenstein and John Kurtin found Reyes had no severe physical impairments on January 14, 2013, and April 29, 2013, respectively. (AR 83, 137.)

On February 7, 2013, Reyes saw Dr. Zamudio who diagnosed chronic asthma, uncontrolled, and prescribed an albuterol inhaler. (AR 624, 628.) The doctor described the symptoms as intermittent and minimal. (AR 624.) He listed aggravating factors as "airborne chemicals, chalk dust, change in weather, dust mites, environmental allergens, molds, pollen, respiratory infection, smoke and strong odors/perfume." (AR 624.) In February, September, and November, 2013, Reyes reported to a nurse that he had

seasonal asthma and used an inhaler. (AR 440, 485, 580, 583.) Over several visits from December 2013 to April 2014, Dr. Zamudio noted that Reyes had chronic asthma, which was controlled with the use of an inhaler. (AR 606, 656, 660, 662, 665, 667, 672, 678, 683.) In April 2014, Dr. Zamudio stated that the symptoms fluctuated and were aggravated by changes in weather, environmental allergens, exercise, molds, pollen and stress; that day the doctor stated the symptoms were moderately severe. (AR 656.)

The examining and consulting physicians did not have Dr. Zamudio's records when they offered their opinions. Further, the ALJ did not see the entirety of Dr. Zamudio's records prior to issuing his decision. Because the case is being remanded for other reasons, the ALJ should reconsider whether Reyes's asthma is a severe impairment at Step Two, and whether it imposes any functional limitations.

**Reopening of May 2012 Applications**

Reyes argues that the ALJ not only adjudicated his November 2012 DIB and SSI applications, but also implicitly reopened Reyes's May 2012 applications. He argues that by alleging the same onset date of disability (May 2009) in the November 2012 applications as he alleged in the May 2012 applications, that the applications were an implied request for reopening. And, because the ALJ used May 2009 as the alleged onset date, the ALJ implicitly reopened. Defendant does not contest Reyes's argument, rather, she argues only that the ALJ did not err on this issue.

When an application has been denied, that determination is generally res judicata and creates a presumption of non-disability during the period adjudicated. *See Miller v. Heckler*, 770 F.2d 845, 848 (9th Cir. 1985); *Vasquez v. Astrue*, 572 F.2d 586, 597 (9th Cir. 2008). However, when an ALJ considers whether a claimant was disabled during a period previously adjudicated, he de facto reopens the prior adjudication. *See Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001). During the hearing, the ALJ stated that Reyes had alleged disability since March 2009, and he would consider reopening the May 2012 claims. (AR 44.) In his decision, the ALJ used March 2009 as the alleged onset date, and found that Reyes was not disabled from March 2009 to his decision. (AR 24, 34.)

Therefore, the ALJ de facto reopened the prior period by accepting the May 2009 alleged onset date and evaluating disability from then up to the date of his decision, May 23, 2014 (AR 22-34). *See Lewis*, 236 F.3d at 510.

Therefore, this Court's review is as to the entire period of disability adjudicated, from May 2009 through the Commissioner's decision. *See Lester v. Chater*, 81 F.3d 821, 827 n.3 (9th Cir. 1995) (finding judicial review appropriate as to already-adjudicated period when Commissioner de facto reopens that decision).

## CONCLUSION

A federal court may affirm, modify, reverse, or remand a social security case. 42 U.S.C. § 405(g). When a court finds that an administrative decision is flawed, the remedy should generally be remand for "additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2006) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)); *see also Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004).

The Court finds the ALJ erred in relying upon the vocational expert's testimony at Step Five. This requires a remand for additional vocational expert testimony. Upon remand, the ALJ shall consider the treating physician's records regarding Reyes's asthma and reconsider his determination at Step Two and Reyes's RFC.

Accordingly,

**IT IS ORDERED** that this case is remanded to the ALJ for a new hearing and further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court should enter judgment and close this case.

Dated this 20th day of December, 2016.

*[signature]*
Honorable Lynnette C. Kimmins
United States Magistrate Judge